LANDRY, Judge.
Plaintiff (Appellant) appeals dismissal of her action for damages for an alleged whiplash reputedly sustained in an automobile accident which occurred on February 19, 1970, when the motor vehicle of Appellant’s host driver, Mrs. Barbara Hayes, insured of Continental Insurance Company (Continental), was run into from the rear by a car owned and being driven by Dr. Martin C. Helouin, insured of United States Fidelity and Guaranty Company (Fidelity). Named defendants are Continental, Helouin and Fidelity. The trial court rejected Appellant’s demands against all defendants upon finding that Appellant failed to establish causal relationship between the accident in question and Appellant’s asserted injuries. We affirm.
Appellant contends the trial court erred in (1) failing to apply the rule that a tort feasor takes his victim as he finds him, (2) relying upon a medical expert’s answer to an improperly posed hypothetical question, and (3) failing to find that Appellant established causal relationship between accident and injury. In substance, however, this appeal presents the simple question of whether plaintiff has borne the required burden of proof.
Certain salient facts are relatively undisputed. Prior to subject accident, Appellant was injured in a one car accident on February 8, 1970. On this occasion, Appellant was driving her own vehicle which overturned when Appellant veered to avoid striking a pedestrian lying in the highway. At the time of this accident, the highway was wet and Appellant was traveling at a speed of approximately 40 miles per hour.
*725 Following the first accident, Appellant was seen by Dr. C. S. Toler, General Practitioner, on February 8, 9, 10, 11 and 13, 1970. Among other injuries, Dr. Toler found Appellant suffering from cervical strain. Appellant also visited Dr. Toler’s office on February 20, 1970, on which date Appellant could have been seen either by an associate or office employee of Dr. Toler. Dr. Toler’s records contain no reference to an accident on February 19, 1970.
Subsequent to February 20, 1970, Appellant was seen by a Dr. Flowers on two occasions. From February 25, 1970, into July of 1970, Appellant was treated extensively by Dr. A. Z. Blamphin who diagnosed Appellant’s condition as cervical strain. Dr. Blamphin, however, could find no objective symptoms of injury. During this period of treatment Appellant was seen twice by Dr. James T. Williams, Orthopedic Surgeon. Neither the records of Dr. Blamphin nor those of Dr. Williams contain any reference to an accident of February 8, 1970.
Appellant does not complain of the rejection of her demands against her host’s insurer. The trial court held that whereas plaintiff’s injuries in the first accident were relatively minor, they nevertheless included cervical strain. The trial court also found that Appellant failed to establish that the accident in question either caused the injuries complained of or aggravated those sustained in the prior accident.
It is readily apparent that this appeal presents the purely factual question of whether Appellant has borne the burden of proof.
Our jurisprudence is well settled to the effect that where only issues of fact are involved, the finding of a trial court will not be disturbed or set aside unless shown to be manifestly erroneous. Lewis v. Travelers Insurance Company, La.App., 247 So.2d 635, and authorities cited therein. In the case at bar, not only do we fail to find error in the factual findings of the lower court, but also we concur in the determination that Appellant has failed to prove a causal relationship between subject accident and her alleged injuries by that preponderance of the evidence which the law requires.
The judgment of the trial court is affirmed at Appellant’s cost.
Affirmed.